## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **RAYMOND BOOKE** Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| **ANDREW WHEELER**, Administrator | ) | |
| U.S. Environmental Protection Agency, | ) | |
| Defendant | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Raymond Booke, for his cause(s) of action against defendant Andrew Wheeler, in his official capacity as Administrator of the United States Environmental Protection Agency (EPA), states as follows:

### Parties

1.  Plaintiff Raymond Booke is a natural person who is a resident and citizen of McLouth, Leavenworth County, Kansas.  At all relevant times herein plaintiff is a full-time employee of the United States Environmental Protection Agency (EPA).  Specifically, plaintiff was a Lead Information Technology (IT) Specialist in the Office Policy and Management Information Technology Branch (OPMITB), EPA Region 7, in Lenexa Kansas.

2.  Defendant  Andrew Wheeler is a natural person who is sued only in his official capacity as Administrator of the EPA and is the designated Agency official to be named as the defendant in actions against the Agency under all applicable federal statutes.

### Claims, Jurisdiction & Venue

3.     Plaintiff asserts federal statutory claims of retaliation for having engaged in protected activity under applicable federal employment anti-discrimination statutes (including but not limited to Title VII of the CRA 1964, the ADEA, and the ADA/Rehabilitation Act) by opposing discriminatory practices thereunder and initiating and filing EEO complaints of discrimination and retaliation against the Agency.

4.     Federal subject matter jurisdiction over plaintiff's federal claims is conferred upon this Court by 28 USC 1331, 28 USC 1337, 28 USC 1343, 29 USC 623 et seq., 42 USC 2000e-3 et seq., and 42 USC 12203 et seq.

5.     Venue is conferred upon this Court pursuant to 28 USC 1391(b)(2), in that a substantial part of the events giving rise to plaintiff's claims occurred within this federal judicial district, plaintiff was employed by defendant within this federal judicial district, and defendant's discriminatory and retaliatory actions occurred within this federal judicial district.

**<u>Count 1 - Retaliation</u>**

6.     At all times relevant herein plaintiff was continuously employed by the EPA.

7.     At all relevant times plaintiff's job performance was outstanding.

8.     On or about January 2018, Michelle McGhee was hired as the Information Technology (IT) Branch Chief.

9.     On or about July 13, 2018, Plaintiff participated in an EPA EEO internal investigation as a witness on behalf of Diann Sandridge, a coworker in an EPA hostile workplace/bullying/gender discrimination/age discrimination claim in regard to her belief that she was being forced to retire.

10.     Ms. McGhee had direct knowledge of plaintiff's interview because she approved the appointment on plaintiff's calendar, and she walked into the room while plaintiff was meeting with investigators.

11.     Ms. Sandridge's complaint was investigated under EPA Order 4711 against plaintiff's supervisor Ms. McGhee.

12.     Ms. Sandridge stated to investigators that she was the only female and the only person of retirement age on Ms. McGhee's Team.

13.     Ms. Sandridge stated to her supervisors and to investigators that she felt that she was being harassed and forced to retire.

14.     Before July, 13, 2018, plaintiff and Ms. McGhee had a cordial and respectful working relationship.

15.     Just Prior to July, 13, 2018 plaintiff received a very positive mid-year PARS review from Ms. McGhee.

16.     After July, 13, 2018, plaintiff's working relationship immediately and drastically changed.

17.     On or about September 19, 2018, plaintiff filed a retaliation/workplace bullying complaint against Ms. McGhee with the EPA's internal EEO Office.

18.     Plaintiff's complaint was based upon differential treatment and removal od his job duties after his participation in Ms. Sandridge's EEO complaint in July, which constituted protected activity under Title VII.

19.     Plaintiff's Complaint constituted a reasonable, good faith belief that he had participated in protected activity by participating in the investigation into Ms. Sandridge's age/gender complaint.

20.     In particular, in and after July, 2018, plaintiff's management superiors engaged in the following retaliatory actions (among others) against plaintiff and, all as more thoroughly detailed in administrative record for Agency EEO Case # 2019-0013-R07, incorporated by reference herein:

    a.  Removal of his IT security job functions, including IT security investigations, a job function in which plaintiff was the only qualified EPA employee in the region.

    b.  Change or removal of his duties as IT team lead, which on multiple occasions was done without notifying Plaintiff until afterwards.

    c.  Denial of requested training, which were previously approved of by Ms.  McGhee.

    d.  Removal of Contract Officer Representative (COR), which plaintiff previously was the exclusive employee who handled those duties, further, Ms. McGhee did not follow EPA procedures when removing Plaintiff's COR duties.

    e.  Plaintiff received his first PARS annual review in which he did not receive an "Outstanding".

    f.  Plaintiff was the only person under Ms. McGhee's supervision who received negative commentary on his PARS annual review.

    g.  Plaintiff was prevented from attaching a rebuttal to his PARS annual review.

h.  After plaintiff's complaint was filed, Ms. McGhee retroactively changed plaintiff's mid year PARS notes to include negative comments.

i.  Bullying.

j.  Denigration.

k.  Exclusion from meetings in which he should have been notified and been an active participant based upon his role with the EPA, and within the IT Team, as an IT Team Lead.

l.  Plaintiff's current job duties are that of a secretary, and he has had all IT job functions removed.

21.  Each and all of the foregoing actions and decisions by plaintiff's management superior was made without a valid and legitimate business reason.

22.  Each and all of the foregoing actions and decisions by plaintiff's management superior was taken to retaliate against plaintiff for his prior protected EEO activity and his initiation of the formal EEO process.

23.  The foregoing actions and decisions by plaintiff's management superiors caused plaintiff actual damages for lost wages and lost overtime opportunities; actual damages from being held back from promotions, pay increases, and lost bonuses; and compensatory damages for emotional distress and trauma, interfered with his ability to perform his job, and adversely affected his job performance.

24.   The foregoing actions have affected plaintiff's stellar career with the EPA, and have stifled his opportunities for advancement within the EPA and other branches of the federal government.

25.   The foregoing actions/decisions by management and the resulting consequences to plaintiff have caused plaintiff to believe subjectively and reasonably that he would not have engaged in protected activity under all applicable federal anti-discrimination statutes (as he did) had he known that defendant's management and supervisors would have retaliated (as they in fact did).

26.   Plaintiff's management superiors intentionally retaliated against plaintiff because of his opposition to discriminatory practices in the workplace and his engaging in protected activity by initiating the EEO process, in violation of applicable federal anti-discrimination statutes, all as more fully described in the Agency EEO Case referenced above.

27.   As a direct and proximate result of the Agency's retaliatory employment practices, plaintiff monetary damages, and severe emotional/psychological and physical distress, pain and suffering, humiliation, embarrassment, loss of sleep, anxiety, depression, and loss of enjoyment of quality of life and his job.

28.   All conditions precedent and administrative exhaustion prerequisites to the filing of this action have been satisfied and complied with.  This Complaint is timely filed within 90 days of plaintiff's receipt of the Agency's Final Agency Decisions (FAD) on his administrative EEO complaints referenced above.

WHEREFORE, plaintiff respectfully requests that this Court enter judgment on Count 1 in his favor and against defendant and award plaintiff the relief requested below.

### Prayer for Relief

29.   Plaintiff respectfully requests that this Court enter judgment on all Counts for plaintiff and against defendant, and:

a.   declare that defendant's actions and decisions referenced herein and elsewhere in the record constitute retaliation in violation of applicable federal anti-discrimination statutes;

b.   restrain and permanently enjoin defendant and its management from continuing to engage in discriminatory or retaliatory employment practices against plaintiff;

c.   order defendant to make plaintiff whole by awarding him all compensation to which plaintiff is entitled and would have earned but for defendant's actions and decisions;

d.   award plaintiff compensatory damages for his emotional and psychological distress caused by defendant's actions and decisions in an amount of $300,000 on each claim;

e.   award plaintiff prejudgment interest on all back pay or other monetary compensation awarded, and the costs of this action, including reasonable attorney's fees and expenses, court costs, and expert witness fees and expenses.

## Demand for Jury Trial

30.     Plaintiff demands trial by jury on all issues of fact.

## Designation of Place of Trial

31.     Plaintiff designates the Kansas City, Kansas courthouse as the place of trial.

Respectfully submitted

The Tourigny Law Firm, LLC

By:____Greg N. Tourigny_____
           Greg N. Tourigny DKAN # 78874
           4600 Madison Avenue, Suite 810
           Kansas City MO, 64112
           (816) 945-2861
           greg@tourignylaw.com

           HOLMAN SCHIAVONE, LLC

           M. Shaun Stallworth, DKAN #78332
           Holman Schiavone, LLC
           4600 Madison Avenue, Suite 810
           Kansas City, Missouri 64112
           Phone: 816.283.8738
           Fax: 816.283.8739
           sstallworth@hslawllc.com

           ATTORNEYS FOR PLAINTIFF